986 F.2d 1421
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Raymond C. BIALEN, Plaintiff-Appellant,
v.
MANNESMANN DEMAG CORPORATION; Local 293, International
Brotherhood of Teamsters, Chauffeurs, Warehousemen
& Helpers, Defendants-Appellees.
 No. 92-3722.
 United States Court of Appeals, Sixth Circuit.
 Feb. 5, 1993.
 
 NRYAN and SILER, Circuit Judges, and LIVELY, Senior Circuit Judge.
 
 ORDER
 
 1
 Raymond Bialen, pro se, appeals from the district court's orders issued December 26, 1991, and June 30, 1992, granting the defendants' motions for summary judgment. This suit was filed as a hybrid action against Bialen's former employer under § 301 of the Labor Management Relations Act (LMRA) and against the union representing the employees of that corporation for alleged unfair representation in filing grievances against Mannesmann Demag Corporation (MDC). 29 U.S.C. § 185. Bialen also alleges certain violations of Title VII of the Civil Rights Act, as amended. 42 U.S.C. § 2000e, et seq.
 
 
 2
 This case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 3
 The first five allegations in Bialen's complaint are directed to MDC and are as follows: 1) MDC violated the collective bargaining agreement with the union by failing to "accept the procedure" of allowing Bialen's grievance to advance to the arbitration level; 2) MDC maliciously, wrongfully, and "in bad faith" discharged Bialen without just cause; 3) MDC demoted Bialen by "stealth, scheme and strategy" and unfairly prevented him from returning to his former position; 4) in violation of the collective bargaining agreement (CBA), MDC did not pay certain medical bills on time and withheld certain insurance income and benefits; and 5) MDC violated Title VII of the Civil Rights Act by denying him equal treatment because of his race or national origin.
 
 
 4
 The allegations enumerated six through ten in Bialen's complaint are directed at the defendant union and are as follows: 1) the union failed to fairly represent Bialen and collaborated with MDC in violating the procedure under the CBA for advancing grievances to the arbitration level; 2) the union did not fairly represent him and collaborated with MDC in allowing Bialen to be terminated without just cause; 3) the union unfairly represented him in allowing MDC to prevent Bialen's return to his "electrician 'A' position"; 4) the union generally violated its duty of fair representation; and 5) the union acted irresponsibly in appealing Bialen's grievance out of time and refusing to assist him in recovering the full judgment of medical payments against MDC in a prior grievance procedure.
 
 
 5
 This court's review of a grant of summary judgment is de novo, using the same test as used by the district court. EEOC v. University of Detroit, 904 F.2d 331, 334 (6th Cir.1990). Summary judgment is proper if the pleading, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. Canderm Pharmacal, Ltd. v. Elder Pharmaceuticals, Inc., 862 F.2d 597, 601 (6th Cir.1988).
 
 
 6
 Bialen's complaint against his employer and union, filed on July 11, 1988, is essentially an attempt to incorporate several prior grievances that have either been resolved or withdrawn by the union for lack of merit. As correctly noted by the district court, the allegations enumerated as 2, 3, 4, 8, and 10 are barred by the six-month statute of limitations applicable to such hybrid actions filed against an employer and union. DelCostello v. International Broth. of Teamsters, 462 U.S. 151, 165 (1983).
 
 
 7
 Unless an employee attempts to use the contractual procedures for settling disputes with his employer, an independent suit against that employer should be dismissed. Hines v. Anchor Motor Freight, Inc., 424 U.S. 554, 566 (1976). Only where the union merely perfunctorily presses the individual's claim should a suit against an employer be permitted to survive. Republic Steel Corp. v. Maddox, 379 U.S. 650, 652 (1965). Therefore, contrary to Bialen's arguments, a § 301/breach of fair representation action places the burden of proof on the plaintiff. Ryan v. General Motors Corp., 929 F.2d 1105, 1109 (6th Cir.1989). Moreover, Bialen has no cause of action against the employer unless the union has breached its duty of fair representation. Alford v. General Motors Corp., 926 F.2d 528, 530-31 (6th Cir.1991).
 
 
 8
 The evidence supports the district court's finding that the decision to refuse to continue with the grievance did not amount to unfair representation. A breach of duty by the union has not occurred. Thus, there can be no viable claim against his employer, MDC. Hines, 424 U.S. at 566.
 
 
 9
 The evidence also supports the district court's finding that Bialen has not established a prima facie case of unlawful discrimination under the test set forth in McDonnell Douglas Corp. v. Green, 411 U.S. 792 (1973), and Texas Dep't. of Community Affairs v. Burdine, 450 U.S. 248 (1981). The record does not establish that the employer took any action adversely affecting the plaintiff's compensation, terms, conditions or privileges of employment under circumstances giving rise to an inference of unlawful discrimination. Galbraith v. Northern Telecom, Inc., 944 F.2d 275, 279 (6th Cir.1991), cert. denied, 112 S.Ct. 1497 (1992). The employer took action which was authorized under the collective bargaining agreement, and Bialen has not come forth with evidence that other employees who were similarly situated were treated differently by this employer. Mitchell v. Toledo Hospital, 964 F.2d 577, 583 (6th Cir.1992).
 
 
 10
 Accordingly, for the reasons set forth above, Bialen's requests for the appointment of counsel and for a transcript at government expense are hereby denied, and the district court's orders granting the defendants summary judgment are hereby affirmed. Rule 9(b)(3), Rules of the Sixth Circuit.